**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AFFILIATED FM INSURANCE COMPANY a/s/o CREE INC.,<br><br>Plaintiff,<br><br>v.<br><br>DSV AIR & SEA CO. LTD., DSV AIR & SEA INC., ASIANA AIRLINES INC., ASIANA CARGO, SWISSPORT CARGO SERVICES, INC., SWISSPORT USA, INC., and SWISSPORT SA, LLC,<br><br>Defendants. | ) | Civil Action No.: |

**COMPLAINT**

Plaintiff Affiliated FM Insurance Company, as subrogee of Cree Inc., by and through its undersigned attorneys, states its complaint against the above-named defendants as follows:

**PARTIES**

1. At and during all times relevant hereto, Plaintiff, Affiliated FM Insurance Company ("Affiliated FM"), was and now is a corporation organized and existing by virtue of Rhode Island law, with its principal place of business at 270 Central Avenue, Johnston, RI 02919.

2. Pursuant to a policy of insurance, Affiliated FM paid its insured, Cree Inc., for the damage to the subject shipment and has become subrogated to its insured's rights, however those rights may appear.

3. Plaintiff brings this subrogation action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

4. At and during all times hereinafter mentioned, defendant DSV Air & Sea Co. Ltd.

was and now is a foreign corporation with its principal place of business at Osaka Sangyo Bldg 2F, 1-10-2, Shinmachi, Nishi-Ku, Osaka, 550-0013, Japan, and was and now is engaged in business as a freight forwarder and/or common carrier of goods for hire.

5. At and during all times hereinafter mentioned, defendant DSV Air & Sea Inc. was and now is a Delaware corporation with its principal place of business at 200 Wood Avenue South, Suite 300, Iselin, NJ 08830, and was and now is engaged in business as a freight forwarder and/or common carrier of goods for hire.

6. At and during all times hereinafter mentioned, defendant Asiana Airlines Inc. was and now is a foreign corporation with its principal place of business at 443-83, Ojeong-ro, Gangseo-gu, Seoul, Korea, and a branch office and place of business at 837 Patton Drive #202, Chicago, Illinois, 60666, and was and now is engaged in business as a common carrier of goods for hire.

7. At and during all times hereinafter mentioned, defendant Asiana Cargo was and now is a foreign corporation and/or division of Asiana Airlines Inc. with its principal place of business at 443-83, Ojeong-ro, Gangseo-gu, Seoul, Korea, and a branch office and place of business at 837 Patton Drive #202, Chicago, Illinois, 60666, and was and now is engaged in business as a common carrier of goods for hire.

8. Herein, "Carrier Defendants" shall collectively refer to defendants DSV Air & Sea Co. Ltd., DSV Air & Sea Inc., Asiana Airlines Inc., and Asiana Cargo.

9. At and during all times hereinafter mentioned, defendant Swissport Cargo Services, Inc. was and now is a California corporation with its principal place of business at 227 Fayetteville St 9th Fl, Raleigh, NC 22181, and upon information and belief was and now is engaged in business providing airport ground services and managing air cargo warehouses at O'Hare International


Airport.

10. At and during all times hereinafter mentioned, defendant Swissport USA, Inc. was and now is a Delaware corporation with its principal place of business at 227 Fayetteville St 9th Fl, Raleigh, NC 22181, and upon information and belief was and now is engaged in business providing airport ground services and managing air cargo warehouses at O'Hare International Airport.

11. At and during all times hereinafter mentioned, defendant Swissport SA, LLC was and now is a Delaware limited liability company with its principal place of business at 227 Fayetteville St 9th Fl, Raleigh, NC 22181, and upon information and belief was and now is engaged in business providing airport ground services and managing air cargo warehouses at O'Hare International Airport. Swissport SA, LLC's sole member is Swissport SAUSA, LLC, whose sole member is Swissport USA, Inc. Swissport SA, LLC's citizenship for diversity purposes therefore is North Carolina and Delaware.

12. Herein, "Swissport Defendants" shall collectively refer to defendants Swissport Cargo Services, Inc., Swissport USA, Inc., and Swissport SA, LLC.

**JURISDICTION**

13. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that this claim arises out of the Convention for the Unification of Certain Rules for the International Carriage by Air, commonly known as the Montréal Convention.

14. Alternatively, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy, exclusive of interest or costs, exceeds $75,000.00.

15. Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction

over any of Plaintiff's claims as may be subject to state law, as said claims are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under article III of the United States Constitution.

**FACTS**

16. On or about March 31, 2021, there was delivered to one or more of the Carrier Defendants in good order and condition and suitable in every respect for the intended transportation a Disco automatic KABRA laser grinder ("Shipment") which one or more of the Carrier Defendants received, accepted and agreed to transport for certain consideration from Kansai International Airport in Japan to O'Hare International Airport in Chicago, Illinois, pursuant to DSV Air & Sea Co. Ltd. air waybill OSA8108411 and Asiana Airlines air waybill 98860754481.

17. At the time it was received by one or more of the Carrier Defendants, the Disco automatic KABRA laser grinder was bolted to a shipping skid, covered with a heavy plastic bag, and inside a heavy-duty multi-fiberboard carton, with shock watch monitors affixed to the exterior of the carton.

18. Upon information and belief, one or more of the Swissport Defendants handled and/or stored the Shipment after it was transported to Chicago by air.

19. At O'Hare International Airport, the multi-fiberboard carton and the shock watches that had been affixed to it were missing, and the heavy plastic bag around the Shipment was found to be torn.

20. Exceptions were noted on the Delivery Order issued by DSV Air & Sea Inc.

21. On April 13, 2021, DSV Air & Sea Inc. sent a Preliminary Notice of Claim addressed to Swissport care of Asiana Cargo.

22. One or more of the defendants failed to re-deliver the Shipment in the same good order and condition as when it was received.

**AS AND FOR A FIRST CAUSE OF ACTION**

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1—22 as if set forth herein at length.

24. By reasons of the premises, one or more of the defendants breached and violated their duties and obligations as common carriers and/or bailees of the shipment and were otherwise at fault.

25. Plaintiff and its insured have performed all duties and obligations on their part to be performed.

26. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $289,120.58, plus interest, costs and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1—26 as if set forth herein at length.

28. One or more of the defendants agreed to provide transportation, freight forwarding, ground handling, warehousing, and/or logistics services in relation to the Shipment.

29. Upon information and belief, one or more of the defendants entered into a written contract to provide transportation, freight forwarding, ground handling, warehousing, and/or logistics services in relation to the Shipment.

30. One or more of the defendants breached their obligations in connection with the transportation, freight forwarding, ground handling, warehousing, and/or logistics services in

relation to the Shipment.

31. As a direct and foreseeable consequence of breach obligations on the part of one or more of the defendants in connection with the transportation, freight forwarding, ground handling, warehousing, and/or logistics services in relation to the Shipment, the Shipment was damaged.

32. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $289,120.58, plus interest, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION**

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1—32 as if set forth herein at length.

34. When the Shipment arrived in Chicago, one or more of the defendants and/or their agents mishandled and/or damaged the Shipment.

35. Defendants had a duty to properly care for, transport, and/or store the Shipment in a manner that would not result in damage.

36. Defendants failed to properly care for, transport, and/or store the Shipment.

37. As a direct and foreseeable consequence of the negligence on the part of one or more of the defendants in caring for, transporting, and/or storing the Shipment, the Shipment was damaged.

38. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $289,120.58, plus interest, costs and attorneys' fees.

***W H E R E F O R E,*** Plaintiff prays:

i. That a decree may be entered in favor of Plaintiff against the defendants on the First Cause of Action in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees;

ii. That a decree may be entered in favor of Plaintiff against the defendants on the Second Cause of Action in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees;

iii. That a decree may be entered in favor of Plaintiff against the defendants on the Third Cause of Action in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees; and

iv. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: Chicago, Illinois
March 30, 2023

Respectfully submitted,

/s/ Paul J. Kozacky

Paul J. Kozacky
Kozacky Weitzel McGrath, P.C.
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
312.696.0900
pkozacky@kwmlawyers.com
*Counsel for Plaintiff*